UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
SHANE L. ELERSIC,                           :      CASE NO. 4:04-CV-2513
                                            :
        Petitioner,                         :
                                            :
vs.                                         :      ORDER & OPINION
                                            :      [Resolving Doc. Nos. 1, 8, 26]
DAVID BOBBY, Warden,                        :
                                            :
        Respondent.                         :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 22, 2004, Petitioner Shane L. Elersic filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1]. With this petition, Elersic challenges his conviction for breaking and entering, theft, and possession of criminal tools in the case of *State of Ohio v. Elersic*, Case Nos. 2001-G-2335 and 2003-G-2512, at 1-2 (Ohio App. Dec. 31, 2003) ("Geauga County Case"). Respondent David Bobby opposes the petition. [Doc. 15]. Also before the Court is the respondent's motion to dismiss for lack of jurisdiction. [Doc. 8].

On February 13, 2005, Magistrate Judge Hemann issued a report and recommendation recommending the Court overrule the respondent's motion to dismiss and deny Elersic's petition. [Doc. 26]. Elersic filed objections to the report and recommendation. [Doc. 30]. After conducting a *de novo* review of the report and recommendation, the Court overrules the Magistrate's recommendation. For the reasons stated below, the Court GRANTS the respondent's motion to dismiss for lack of jurisdiction and DENIES the petitioner's § 2254 petition.

-1-

Case No. 4:04-cv-2513
Gwin, J.

# I. BACKGROUND

## *A. Factual Background*

The instant case involves incidents that led to Elersic's arrest and conviction in both Geauga and Lake Counties. The current habeas petition challenges only the Geauga County convictions. The state appellate court reviewing the Geauga County convictions set forth the following factual findings:

> . . . Elersic was convicted of breaking and entering, theft, possession of criminal tools, and failure to comply with an order of a police officer.
> In the early morning hours of June 28, 1999, an alarm was activated in the pro shop at St. Denis Golf Course ("St.Denis"), in Chardon, Ohio. Norbert Foecking, the owner of the golf course, lives in a nearby residence. He responded to the pro shop and witnessed two masked individuals in the pro shop. He called the authorities.
> Deputies from the Geauga County Sheriff's Department responded to the scene. Upon responding to Foecking's call, one officer noticed a Chevrolet Blazer leaving an access driveway of St. Denis. The officer activated his overhead lights and sirens, but the vehicle did not stop. A ten-mile chase ensued. The chase ended in Lake County, when officers from another department deployed a spike-strip, which punctured the Blazer's tires. The Blazer lost control, slid off the road, and hit a utility pole. Both of the occupants of the Blazer fled the crash site on foot and were not immediately apprehended.
> Officers discovered that the Blazer was owned by Gina Topazio, who was Elersic's girlfriend. She informed the officers that Elersic had been driving the Blazer on the night in question.
> Michael Fazzolare ("Fazzolare") admitted that he was one of the individuals involved in the St. Denis incident. At Elersic's trial in Geauga County, Fazzolare testified as a principle witness for the state. Fazzolare testified that he and Elersic had committed the St. Denis break-in, along with various other burglaries in the Lake and Geauga county area.

## *B. Procedural History*

1. Indictment and Conviction

On February 11, 2000, the Geauga County grand jury issued a six count indictment, charging Elersic with various crimes related to the St. Denis break-in as well as other break-ins in Geauga

Case No. 4:04-cv-2513
Gwin, J.

County.  The counts involving the additional break-ins were later dismissed, leaving only those charges related to the St. Denis incident – theft, possession of criminal tools, and failure to comply with the order or signal of a police officer.  *State v. Elersic*, Case no. 00C00023 (Geauga County Common Pleas 2000).  On June 23, 2000, the Geauga County grand jury issued a second indictment, charging Elersic with one count of breaking and entering in connection with the St. Denis break-in.  *State v. Elersic*, Case no. 00C00063 (Geauga County Common Pleas 2000).  Elersic pleaded not guilty to all counts, and the Geauga County Court of Common Pleas consolidated to two cases.

Trial began in the Geauga County case on November 6, 2000.  Three days later, on November 9, 2001, the jury found Elersic guilty of one count of breaking and entering, one count of theft, one count of possessing criminal tools, and one count of failure to comply with the order or signal of a police officer.

Meanwhile, the St. Denis break-in had also given rise to an investigation in Lake County.  This investigation led to Elersic's arrest for several other break-ins in Lake County.  On September 17, 1999, the Lake County Grand Jury issued a nine count indictment.  In February 2001, a Lake County jury found Elersic guilty on two counts of breaking and entering, two counts of theft, one count of receiving stolen property with a firearm specification, and one count of engaging in a pattern of corrupt activity.  *State v. Elersic*, Case No. 99CR000364 (Lake County Common Pleas 1999) ("Lake County I").  The Lake County Court of Common Pleas sentenced Elersic to a total of five years incarceration.

On November 21, 2000, following Elersic's sentencing in Lake County I, the Geauga County Court of Common Pleas sentenced Elersic in the Geauga County case.  The court imposed three ten-month terms of incarceration for breaking and entering, theft, and possession of criminal tools, along

Case No. 4:04-cv-2513
Gwin, J.

with one fourteen-month term for failure to comply with the order or signal of a police officer. The court further ordered that Elersic serve those terms concurrently with each other, but consecutively to the five-year sentence imposed in Lake County I.

2. Direct Appeal

In two separate appeals, Elersic challeged his convictions in both the Geauga County case and Lake County I. Elersic First appealed his conviction in Lake County I. On November 21, 2001, the Court of Appeals for the Eleventh District of Ohio found that the State had conducted an illegal search of Elersic's vehicle and that the trial court erred in denying Elersic's motion to suppress evidence obtained from that search. Accordingly, the appellate court reversed the Lake County I conviction and remanded the case to the trial court. The Lake County Court of Common Pleas retried Elersic in July 2002. The jury in that trial found Elersic not guilty on all counts.

On January 29, 2001, during the pendency of the Lake County I appeal, Elersic also filed a timely notice of appeal of the Geauga County conviction. With this appeal, Elersic raised six assignments of error, including a claim that the trial court erred in admitting evidence obtained from the illegal search of Elersic's vehicle. On December 31, 2003, the Court of Appeals for the Eleventh District of Ohio, the same appellate court that reversed the Lake County I conviction, overruled Elersic's Geauga County appeal and affirmed the judgment of the trial court. *State v. Elersic*, Nos. 2001-G-2335, 2003-G-2512, 2003 WL 23097098 (Ohio App. 11th Dist. Dec. 31, 2003).

On January 28, 2004, Elersic moved for certification of the record to the Ohio Supreme Court to reconcile the alleged conflict between the appellate court's decision in the two cases. Elersic noted in his brief that the appellate court had overruled two assignments of error in reviewing the Geauga County conviction, though it had agreed with those assignments of error in overturning

-4-

Case No. 4:04-cv-2513
Gwin, J.

the Lake County I conviction. However, Elersic failed to file the motion to certify within ten days of the entry of the appellate court's judgment on December 31, 2003, as required by Ohio App. R. 25(A) and Ohio App. R. 14(B). As a result, on March 25, 2004, the appellate court overruled Elersic's motion on procedural grounds.

On February 17, 2004, Elersic filed a timely notice of appeal of the appellate court's December 31, 2003 judgment with the Ohio Supreme Court. The Ohio Supreme Court dismissed Elersic's appeal on the basis that it did not involve any substantial constitutional question. Elersic subsequently moved for reconsideration of that dismissal, but the court denied his motion.

On August 4, 2004, Elersic filed a second motion to certify the record to the Ohio Supreme Court. With this motion, Elergic alleged that the appellate court's decision overruling his Geauga County appeal conflicted with the appellate court's opinions in four other cases. Specifically, Elersic argued that the 204-day delay that ensued between his arrest and indictment in the St. Denis break-in violated his due process rights. On September 23, 2004, the appellate court overruled Elersic's motion, finding that it was untimely and lacked the specificity required for a motion to certify. Elersic did not appeal this decision.

3. *Murnahan* Motion

On January 28, 2004, while pursuing his direct appeal, Elersic also filed an application to reopen his appeal of his Geauga County conviction, pursuant to Ohio App. R. 26(B) ("*Murnahan* motion"). With this motion, Elersic alleged that his appellate counsel was ineffective due to his failure to raise certain issues on appeal. On July 26, 2004, the appellate court denied Elersic's application, finding that his arguments lacked merit. *State v. Elersic*, Nos. 2001-G-2335, 2003-G-2512 (Ohio App. 11th Dist. July 26, 2004). Elersic subsequently moved for reconsideration

Case No. 4:04-cv-2513
Gwin, J.

of the appellate court's denial of his *Murnahan* motion. On September 23, 2004, the court denied Elersic's motion for reconsideration. Ellersic attempted to appeal this decision to the Ohio Supreme Court, but the court dismissed the appeal as untimely.

4. Federal Habeas Petition

On December 22, 2004, Elersic filed the instant petition for writ of habeas corpus. With this petition, Elersic challenges the constitutionality of his Geauga County conviction and raises the following ten grounds for relief:

(A) Ground one: Where a motion to suppress evidence has been granted in one county of an appellate district, such evidence in another county of the same appellate district, based upon identical facts, must also be granted.

(B) Ground two: A trial court commits reversible error, to the prejudice of a defendant by excluding relevant exculpatory testimony on the basis that such is an albi [sic] and no notice of albi [sic] has been filed, where such testimony does not concern an albi [sic].

(C) Ground three: Petitioner receives ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Counstitution [sic] where counsel fails to provide proper notice of albi [sic], despite counsels listing of the albi [sic] witness on his witness list several months prior to trial.

(D) Ground four: A trial court abuses its discretion to the prejudice of a defendant by permitting evidence of "other acts" where such evidence does not show identification or scheme, plan or system.

(E) Ground five: Appellate counsel[']s representation was deficient with respect to the assignments of errors not raised when petitioner supplies counsel with the errors and case law and instructs counsel to raise such errors on appeal.

(F) Ground six: Petitioner's constitutional right not to be put twice in jeopardy for the same offense was violated when the same issue of facts were relitigated.

(G) Ground seven: Petitioner[']s counstitutional [sic] right to a speedy trial was violated when an indictment issued new criminal charges arising from the

Case No. 4:04-cv-2513
Gwin, J.

> same facts as the original charges in another county. The new charges arose nearly seven months after Petitioner[']s arrest.
>
> (H) Ground eight: Appellant was denied a fair trial when exculpatory evidence was withheld preventing the defense from fairly investigating the case and preparing for trial.
>
> (I) Ground nine: The Supreme Court Clerk of Court errors [sic] by not filing Petitioner[']s motion to reopen appeal pursuant to Appellate Rule 26(B) when there is proof Petitioner satisfies the inmate mailbox rule.
>
> (J) Ground ten: Petitioner is currently in custody in violation of the constitution or laws or treaties of the United States as this Geauga County conviction is constitutionally invalid and used to enhance current invalid conviction.

The respondent filed a motion to dismiss Elersic's petition, arguing that this Court lacks jurisdiction over Elersic's petition because Elersic is no longer in custody on the challenged conviction. The respondent also filed a Return of Writ, claiming that grounds for relief five through ten are procedurally defaulted, and that the remainder of Elersic's grounds for relief lack merit.

In her report and recommendation, Magistrate Hemann recommends that this Court deny the respondent's motion to dismiss Elersic's petition. Magistrate Hemann found that this Court does have jurisdiction over the instant petition because Elersic is currently in custody serving a sentence for an unrelated conviction that was enhanced due to his Geauga County conviction. The Magistrate also recommends that this Court dismiss grounds for relief five through ten as procedurally defaulted. Finally, Magistrate Hemann further recommends that this Court dismiss grounds for relief one through four as lacking merit, and deny Elersic's petition for habeas relief.

On March 13, 2004, Elersic filed objections to Magistrate Hemann's report and recommendation. Elersic objects to Magistrate Hemann's findings that grounds for relief five through ten are procedurally barred and that grounds one through four lack merit. The Court

Case No. 4:04-cv-2513
Gwin, J.

reviews Magistrate Judge Hemann's report and recommendation below.

## II. JURISDICTION

Before reaching the merits of Elersic's petition, this Court must first address the respondent's motion to dismiss for lack of subject matter jurisdiction. With that motion, the respondent argues that this Court lacks jurisdiction over Elersic's claims because he is no longer in custody on the charges he challenges in the instant petition.

A federal habeas court may only entertain an application for a writ of habeas corpus after determining that the petitioner demonstrates that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted the "in custody" standard as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

Elersic concedes that he has already served the full fourteen month sentence imposed in the Geauga County Case. He is currently in the custody of the Ohio Department of Rehabilitation and Correction, serving a five year sentence pursuant to his conviction in *State v. Elersic*, Case No. 02CR000159 (Lake County 2002) ("Lake County II").[1] Ellersic nonetheless contends that he meets the "in custody" requirement as explained in *Maleng* because the sentence he is currently serving was enhanced by the conviction he challenges in his habeas petition. *See* 490 U.S. at 493.

In *Maleng*, the United States Supreme Court considered circumstances similar to those presented here. *Id.* at 489-90. In that case, a federal prisoner filed a petition, pursuant to 28 U.S.C. § 2254, attacking a 1958 Washington state conviction. At the time the prisoner filed the § 2254 petition, he had already served the entirety of his sentence for that conviction. However, the

---

[1] In Lake County II, a jury found Elersic guilty of burglary with a firearm specification. The trial court sentenced Elersic to serve four years on the burglary conviction along with one year on the firearm specification.

-8-

Case No. 4:04-cv-2513
Gwin, J.

respondent argued that he remained "in custody" on that conviction because it had resulted in the enhancement of subsequent state sentences that he would begin to serve immediately upon the expiration of the federal sentence he was serving at that time. *Id*. The Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction has been used to enhance a subsequent sentence. Id. at 492. *See also Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001). Nevertheless, the Supreme Court permitted the prisoner to proceed on the merits, liberally construing his pro se petition "as asserting a challenge to the [subsequent state] sentences, as enhanced by the allegedly invalid prior conviction." *Maleng*, 490 U.S. at 493.

Applying only the standard set forth above, Magistrate Judge Hemann found that this Court has jurisdiction over Elersic's petition and recommends that the Court allow Elersic to proceed on the merits. However, subsequent Supreme Court case law elaborating the standard set forth in *Maleng* precludes this Court from exercising jurisdiction over the instant matter.

In *Coss*, 532 U.S. at 401-04, the Supreme Court addressed the question that it "explicitly left unanswered in *Maleng*: 'the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance.'" *Id*. at 402 (internal citations omitted). Answering this question, the Supreme Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04 (internal citations ommitted).

The Supreme Court has recognized limited exceptions to this rule. A petitioner can

Case No. 4:04-cv-2513
Gwin, J.

challenge a prior conviction used to enhance a current sentence where: (1) the petitioner's prior conviction was obtained in violation of his Sixth Amendment right to have counsel appointed to represent him; (2) the petitioner was without fault in failing to obtain timely review of a constitutional claim, such as where the state court refuses to rule on a properly presented constitutional claim; or (3) the petitioner obtains compelling evidence that he is actually innocent of the crime after the period of time for direct or collateral review has expired. *See id.* at 404-06; *Steverson v. Summers*, 258 F.3d 520, 524-25 (2001).

In the instant case the petitioner's sentence in the Geauga County case fully expired prior to the date that the petitioner filed for habeas relief. When Elersic was sentenced in the Geauga County case on November 9, 2000, he was already in custody on the prior sentence imposed in Lake County I. The total effective sentence in the Geauga County case was fourteen months. The state court originally ordered this sentence to be served consecutively with the sentence imposed in Lake County I. However, the appellate court subsequently reversed Elersic's sentence in Lake County I. As a result, the sentence in the Geauga County conviction would have expired no later than January 2002, fourteen months after it was imposed. That was nearly three years prior to Elersic filing the instant habeas petition. As such, the petitioner is no longer "in custody" on the Geauga County case and can no longer directly challenge that conviction. Even if this Court were to construe Elersic's petition as asserting a challenge to the enhancement of his conviction in Lake County II based on the allegedly unconstitutional Geauga County conviction, the Supreme Court's holding in *Coss*, 532 U.S. at 403-04, would preclude this Court from exercising jurisdiction over the petition. As described above, Elersic had multiple opportunities to seek review of his Geauga County conviction in state court. Indeed, the state court considered many of the constitutional

Case No. 4:04-cv-2513
Gwin, J.

claims that Elersic raises in the instant petition and found those claims to be without merit. *See State v. Elersic*, Nos. 2001-G-2335, 2003-G-2512, 2003 WL 23097098 (Ohio App. 11th Dist. Dec. 31, 2003); *State v. Elersic*, Nos. 2001-G-2335, 2003-G-2512 (Ohio App. 11th Dist. July 26, 2004). The Geauga County conviction is no longer open to direct or collateral attack on its own right because the petitioner has exhausted his state remedies and is no longer "in custody" for the purpose of seeking habeas relief. The petitioner either failed to pursue the available remedies or pursued those remedies without avail because he did not comply with state procedural rules or prove a constitutional violation. *See Coss*, 532 U.S. at 403.

Additionally, the Court finds that none of the exceptions to the rule set forth in *Coss* apply in the instant suit. *Id.* at 403-04. The petitioner does claim actual innocence, but does not base this claim on any newly discovered evidence. Elersic relies primarily on the testimony of Officer Donald Prib, who early in the investigation had identified Anthony Panzerella as the driver of the Blazer used in the St. Denis incident. The state ultimately did not charge Panzerella in connection with the St. Denis break-in because Michael Fazzolare admitted that he and Elersic were responsible for the break-in. However, this evidence was presented to the jury in the Geauga County case. The jury weighed the credibility of each witness and determined that Elersic was guilty. Elersic points to no newly discovered evidence that would call the jury's verdict into question.

As the instant case does not fall within one of the limited exceptions to the rule set forth in *Coss*, the petitioner cannot challenge his enhanced sentence under Lake County II through a federal habeas petition attacking the constitutionality of his prior conviction. The Court thus finds that it lacks jurisdiction over the instant matter and dismisses Elersic's federal habeas petition.

### III. CONCLUSION

Case No. 4:04-cv-2513
Gwin, J.

For the reasons stated above, the Court finds that it lacks jurisdiction over the instant petition. Accordingly, the Court **GRANTS** the respondent's motion to dismiss and **DENIES** Elersic's petition for a writ of habeas corpus.

IT IS SO ORDERED.


Dated: March 29, 2006              s/        *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE